287 N.J. Super. 232 (1996)
670 A.2d 1092
DA-LU TUNG, PLAINTIFF-APPELLANT,
v.
BRIANT PARK HOMES, INC., DEFENDANT. RALPH J. POCARO, DEFENDANT-RESPONDENT/CROSS-APPELLANT/CROSS-RESPONDENT,
v.
HUGO M. PFALTZ AND PFALTZ & WOLLER, P.A., THIRD PARTY DEFENDANTS/CROSS-RESPONDENTS/CROSS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Submitted December 19, 1995.
Decided February 6, 1996.
*235 Before Judges PRESSLER, WEFING and A.A. RODRIGUEZ.
Raymond K. Hsu, attorney for appellant.
Greenbaum, Rowe, Smith, Ravin & Davis, attorneys for respondent/cross-appellant Pocaro (Dennis A. Estis, of counsel and on the brief; Stephanie Kay Austin, on the brief).
Tompkins, McGuire & Wachenfeld, attorneys for cross-respondents/cross-appellants Hugo M. Pfaltz & Woller, P.A. (Christopher J. Carey, of counsel and on the reply brief; Angelo R. Giacchi, on the brief).
The opinion of the court was delivered by RODRIGUEZ, A.A., J.A.D.
In this case we consider whether a developer who fails to deliver a current public offering statement (POS) on the contract date, as required by the New Jersey Planned Real Estate Development Full Disclosure Act, N.J.S.A. 45:22A-21 to -56 (the Act), is liable to the purchaser for double damages and costs if there is no causal connection between such failure and the losses sustained by the purchaser for breach of the contract. We hold that under those circumstances a developer is not liable for double damages or costs. The judgments under review are affirmed.
Da-Lu Tung signed a contract to purchase a condominium unit from Ralph J. Pocaro for $290,000. Pocaro reserved the right to assign the contract to Briant Park Homes, Inc. (Briant Park) and agreed to refund to Tung the excess of his purchase price over that for which other specified, unsold units would eventually be *236 sold. At the time the first contract was executed, a current POS was not delivered to Tung as required by N.J.S.A. 45:22A-26a(2). The contract was contingent upon delivery of the POS within forty-five days after execution. If the POS was not delivered within that period, Tung would be entitled to a refund of the deposit with accrued interest.
Tung's mortgage lender objected to the refund clause. Tung signed a second purchase contract with Briant Park. By then a current POS had been delivered to Tung. The second contract did not contain a refund clause. However, at Tung's request Briant Park sent him a letter in which it assumed the responsibility for refunding the excess of the purchase price, using the same language as in the first contract. After the transaction closed, Tung learned that a similar unit had been sold for $200,000. He demanded a $90,000 refund from Pocaro and Briant Park. The demand was refused.
Tung sued Pocaro and Briant Park for breach of the refund provisions and Pocaro for violating N.J.S.A. 45:22A-26a(2) by failing to deliver a current POS upon execution of the first contract. Pursuant to N.J.S.A. 45:22A-37a, Tung demanded double damages and attorney fees against Pocaro. In a separate action, Pocaro and Briant Park sued Tung's real estate lawyer, Hugo Pfaltz and the firm of Pfaltz and Woller, P.A., (collectively Pfaltz) for contribution, contributory negligence and indemnification. The two actions were consolidated. Pfaltz moved for dismissal of the complaint. The motion was denied.
Pocaro and Tung moved for summary judgment. The judge granted Tung summary judgment for $90,000 against Briant Park for breach of the refund clause, but denied damages under the Act. The judge granted Pocaro's motion for summary judgment dismissing claims against him under the Act. The judge reasoned that there was a novation of the first contract which relieved Pocaro from any further responsibility and that there was no violation of the Act. All claims against Pfaltz were dismissed.
*237 On appeal, Tung contends that: (1) the judge should have found that Pocaro violated the Act by executing the first contract prior to the approval of the POS, thus becoming liable for double damages under N.J.S.A. 45:22A-37a; (2) there is a genuine issue of fact as to whether Tung consented to make Briant Park solely responsible for the refund; (3) Pocaro is liable under the first contract because the parties did not intend a novation; and (4) the judge should have pierced the corporate veil and held Pocaro individually liable for the refund.
In considering Tung's contention that Pocaro was liable for double damages because he violated the Act we are required to "effectuate the legislative intent in light of the language used and the objects sought to be achieved." State v. Maguire, 84 N.J. 508, 514, 423 A.2d 294 (1980). N.J.S.A. 45:22A-26 provides in pertinent part,
a. Unless otherwise exempted:
(2) No developer may dispose of any lot, parcel, unit, or interest in a planned real estate development, unless he: delivers to the purchaser a current public offering statement, on or before the contract date of such disposition.
Another section, N.J.S.A. 45:22A-37a, provides for "double damages suffered, and court costs expended, including reasonable attorney's fees" to be paid by a developer who violates N.J.S.A. 45:22A-26.
The purpose of the Act is to insure honesty, public understanding and trust in the sale of complex interests. N.J.S.A. 45:22A-22; Abrahamsen v. Laurel Gardens Ltd., 276 N.J. Super. 199, 214, 647 A.2d 869 (Law Div. 1993). It is a consumer-oriented statute remedial in nature. Enfield v. FWL, Inc., 256 N.J. Super. 502, 511, 607 A.2d 685 (Ch.Div. 1991), aff'd, 256 N.J. Super. 466, 607 A.2d 666 (App.Div.), certif. denied, 130 N.J. 9, 611 A.2d 648 (1992). Although Enfield suggests that an aggrieved purchaser seeking double damages must prove that losses were occasioned by the violation of the statute, Id. at 508, 523-24, 607 A.2d 685, there is no reported case that holds so precisely.
*238 From the statutory language and the legislative purpose we discern an intent that the phrases "damages suffered" and "court costs expended", as used in N.J.S.A. 45:22A-37, mean damages and costs to the purchaser resulting from a violation of the Act and not a breach of the developer's contractual obligations. This construction is in accord with the Supreme Court's holding in a case involving another consumer protection statute. In Meshinsky v. Nichols Yacht Sales, Inc., 110 N.J. 464, 541 A.2d 1063 (1988), triple damages under the Consumer Fraud Act (N.J.S.A. 56:8-1 to 8-20) were denied because there was no proof that the plaintiff's damages arose from the type of conduct that the relevant statutory scheme prohibited.
We are mindful that as remedial legislation, the Act must be interpreted expansively rather than narrowly, and liberally construed in favor of protecting consumers. Cox v. Sears Roebuck & Co., 138 N.J. 2, 15, 647 A.2d 454 (1994). However, the purposes of the Act do not include a special protection against ordinary breaches of contractual obligations. Here, Tung does not explain how the violation itself harmed him. He does not discuss the content of the POS, much less identify a statement within it that Pocaro misrepresented or omitted. There is nothing in the record that can be construed as suggesting that Tung suffered a harm by virtue of the failure to deliver a current POS. Tung has not cited any discrepancy between Pocaro's representations to him and the content of the POS. Tung's $90,000 loss flows solely from Briant Park's breach of the refund clause. That loss would have occurred even if a current POS had been delivered when the first contract was executed.
The judge found that Pocaro did not violate the statute. Tung asserts that Pocaro did. We do not have to resolve that dispute because Tung did not suffer a loss as a result of the non-delivery of the POS. Tung is not entitled to damages, much less double damages pursuant to N.J.S.A. 45:22A-37a.
Tung's next contentions are that there were genuine issues of disputed fact regarding his consent to release Pocaro from the *239 obligation created by the refund clause and the parties' intention that the second contract be a novation of the first. We are not persuaded by this argument. In Brill v. Guardian Life Ins. Co. of America, 142 N.J. 520, 666 A.2d 146 (1995), the Supreme Court held that the standard for determining a motion for summary judgment is similar to a motion for involuntary dismissal under R. 4:37-2(b). Id. at 535, 666 A.2d 146. In fact, the only distinction is that summary judgment motions are generally decided on a pretrial record, rather than on evidence presented during a trial. Id. at 536, 666 A.2d 146.
The evidence is uncontroverted that Tung accepted the refund side letter given by Briant Park, did not object to designating Briant Park as the seller in the second contract, and did not request that Pocaro be held liable also under the separate refund letter. A contracting party is bound by the apparent intention he or she outwardly manifests to the other party. It is immaterial that he or she has a different, secret intention from that outwardly manifested. Hagrish v. Olson, 254 N.J. Super. 133, 138, 603 A.2d 108 (App.Div. 1992). Indeed, in interpreting the intention of the parties to a contract it is "the intent expressed or apparent in the writing that controls." Friedman v. Tappan Development Corp., 22 N.J. 523, 531, 126 A.2d 646 (1956).
Applying the Brill standard, considering the competent evidentiary materials, and allowing Tung all of the favorable inferences, the evidence is one-sided that Tung agreed to a novation of the first contract with Pocaro by entering into a contract with Briant Park. Therefore, Tung's argument that summary judgment should have been denied fails.
Tung's final contention is that Briant Park's corporate veil be pierced to hold Pocaro liable. In New Jersey, the power of the courts to pierce corporate veils is well-established and will be invoked to prevent an independent corporation from being used to defeat the ends of justice, to perpetrate a fraud, to accomplish a crime, or otherwise to evade the law. State, Dept. of Environ. *240 Protect. v. Ventron Corp., 94 N.J. 473, 500, 468 A.2d 150 (1983). However, the party seeking an exception to the fundamental principle that a corporation is a separate entity from its principal bears the burden of proving that the court should disregard the corporate entity. Touch of Class Leasing v. Mercedes-Benz Credit of Canada, Inc., 248 N.J. Super. 426, 441, 591 A.2d 661 (App. Div.), certif. denied, 126 N.J. 390, 599 A.2d 166 (1991). Here, the issue of piercing the corporate veil was never presented to the judge. The issue does not go to jurisdiction nor affects the public interest. Nieder v. Royal Indemnity Ins. Co., 62 N.J. 229, 234, 300 A.2d 142 (1973). We decline to consider it.
Pocaro cross-appeals contending that delivery of a current POS is a statutory requirement and its violation does not constitute tortious conduct, and that the claim for contribution against Pfaltz should not have been dismissed. Pfaltz cross-appeals from the initial denial of its motion to dismiss the complaint of Pocaro and Briant Park. Our decision renders moot Pocaro's and Pfaltz's cross-appeals.
The summary judgments appealed from are affirmed.