775 A.2d 583 (2001)
341 N.J. Super. 460
Matthew JENDRZEJEWSKI, Plaintiff-Respondent, and
New Jersey Property-Liability Insurance Guaranty Association, Administrator of Claims of Home State Insurance Company, Defendant-Respondent,
v.
ALLSTATE INSURANCE COMPANY, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued March 27, 2001.
Decided June 26, 2001.
David J. Dickinson, Millburn, argued the cause for appellant (McDermott & McGee, attorneys; Lindsay K. O'Shaughnessy, on the brief).
Stephanie M. Hopkins argued the cause for respondent New Jersey Property-Liability Insurance Guaranty Association (Bressler, Amery & Ross, attorneys; Mark M. Tallmadge and Ms. Hopkins, on the brief).
Arnold E. Jabin, East Brunswick, argued the cause for respondent Matthew Jendrzejewski.
Before Judges A.A. RODRÍGUEZ, COLLESTER[1] and FALL.
The opinion of the court was delivered by A.A. RODRÍGUEZ, J.A.D.
In this appeal from a declaratory judgment action, to determine responsibility for personal injury protection (PIP) payments, we hold that the insolvency of an insured person's carrier does not render that person "uninsured" within the meaning of New Jersey automobile insurance statutes.

I
The facts are uncontroverted. Allstate Insurance Company (Allstate) appeals *584 from an order declaring that it is responsible for all medical, hospital, and pharmaceutical expenses incurred by plaintiff, Matthew Jendrzejewski. On December 4, 1997, Jendrzejewski was crossing a street in Spotswood when he was struck by an automobile owned and operated by Harry S. Farrell. Farrell was insured by Allstate. At the time of the accident, Jendrzejewski owned an automobile which was insured by Home State Insurance Company. However, three months before the accident, Home State had been declared insolvent. Due to Home State's insolvency, the Commissioner of the Department of Banking and Insurance directed, pursuant to the New Jersey Property Liability Insurance Guaranty Association Act (PLIGA), N.J.S.A. 17:30A-1 to -20, that claims against Home State's insureds be administered by PLIGA.
Jendrzejewski filed a claim for PIP benefits from both PLIGA and Allstate. PLIGA denied the claim asserting that Jendrzejewski must first exhaust his health insurance coverage with Horizon Blue Cross/Blue Shield and then must look to Allstate for the balance of PIP benefits. Allstate denied Jendrzejewski's PIP claim because he was the named insured on the Home State policy.
Jendrzejewski instituted this declaratory judgment action against PLIGA and Allstate, seeking a judicial determination of responsibility for PIP benefits. PLIGA argued that PIP coverage under the Allstate policy must be exhausted before Jendrzejewski could recover statutory benefits from PLIGA. Allstate argued that PLIGA stands in the shoes of the insolvent Home State and, under New Jersey's "No Fault" statutory scheme, was primarily responsible for the payment of PIP benefits. Allstate argued alternatively that, due to Home State's insolvency, recovery of PIP benefits from Allstate was precluded because Jendrzejewski failed to maintain medical expenses benefits coverage on his motor vehicle pursuant to N.J.S.A. 39:6A-4.5(a).
Judge Robert A. Longhi decided in favor of PLIGA. In a letter opinion, the judge noted, among other things, that:
Allstate's claim that [Jendrzejewski] is precluded from recovering PIP benefits because he is deemed to have failed to maintain medical expense benefits as required by the Allstate policy and/or N.J.S.A. 39:6A-4.5(a) is without merit. The insolvency of Home State does not render [Jendrzejewski] uninsured nor is he deemed to be uninsured because under the statutory scheme that created [PLIGA], the Guaranty fund is the payor of last resort. Additionally [Jendrzejewski] was a pedestrian at the time of the accident and was not "operating an uninsured vehicle" as set forth in N.J.S.A. 39:6A-4.5(a).
On appeal, Allstate contends that: (1) its policy "is inapplicable pursuant to N.J.S.A. 39:6A, which sets forth the application of [PIP] benefits and permits coverage under only one primary automobile insurance policy for injuries sustained in any one accident;" (2) "N.J.S.A. 17:30A-12, which sets forth priority of claim of Associations in other states, is inapplicable when only New Jersey policies apply;" and (3) "if it is determined that [Jendrzejewski] was not a named insured of a policy providing [PIP] benefits coverage, then he is excluded from coverage under the Allstate policy." We disagree.

II
The first two contentions are clearly without merit. Our holding in Harrow Stores, Inc. v. Hanover Ins. Co., 315 N.J.Super. 547, 719 A.2d 196 (App.Div. 1998), is dispositive. We merely note that *585 Allstate misconstrues N.J.S.A. 17:30A-12. That statute, in its entirety, provides:
17:30A-12. Priority of claim of associations in other states
a. Any person having a covered claim which may be recovered from more than one insurance guaranty association or its equivalent shall seek recovery first from the association of the place of residence of the insured at the time of the insured event except that if its is a first party claim for damage to property with a permanent location, he shall seek recovery first from the association of the location of the property. Any recovery under this act shall be reduced by the amount of recovery from any other insurance guaranty association or its equivalent. However, if recovery is denied or deferred by the association, a person may proceed to recover from any other insurance guaranty association or its equivalent from which recovery may be legally sought.
b. Any person having a claim against an insurer, whether or not the insurer is a member insurer, under any provision in an insurance policy other than a policy of an insolvent insurer which is also a covered claim, shall be required to exhaust first his right under that other policy. An amount payable on a covered claim under P.L.1974, c. 17 (C. 17:30A-1 et seq.) shall be reduced by the amount of recovery under any such insurance policy.
The title of the section and subsection (a) are taken from the original enactment in 1974. Subsection (b) was added in 1996. Harrow Stores, supra, 315 N.J.Super. at 549, 719 A.2d 196. It is clear to us, from the language used, that subsection (a) applies to the priorities of claims against PLIGA and associations in other states, and subsection (b) applies to the priority of claims against PLIGA and any insurer. See Tung v. Briant Park Homes, Inc., 287 N.J.Super. 232, 237, 670 A.2d 1092 (App. Div.1996) (holding that in construing a legislative enactment, courts are required to effectuate the legislative intent by analyzing the language used and the objectives of the enactment). The purpose of the PLIGA Act is "to provide a mechanism for the payment of covered claims under certain insurance policies, to avoid excessive delay payment, to avoid financial loss to claimants or policyholders because of the insolvency of an insurer, ... and to provide an association to assess the cost of such protection among insurers." N.J.S.A. 17:30A-2(a). We have already noted, based on our examination of the legislative history of N.J.S.A. 17:30A-12(b), "that the evident purpose of that provision was to conserve the assets of the [PLIGA] Fund by shielding it from liability for the obligations of insolvent insurers where there is other insurance covering the same claim that is covered by the insolvent insurer's policy." Harrow Stores, supra, 315 N.J.Super. at 554, 719 A.2d 196.

III
The third contention requires some discussion. Allstate contends that Jendrzejewski is precluded, by operation of N.J.S.A. 39:6A-4.5a and -7, from receiving PIP benefits. Allstate argues that a person is excluded from collecting under a policy of insurance if he or she was the owner of a motor vehicle at the time of the accident and failed to maintain medical expense benefits coverage. Specifically, N.J.S.A. 39:6A-4.5a provides that a person "shall have no cause of action for recovery of economic or non-economic loss sustained as a result of an accident while operating an uninsured automobile." Thus, Allstate argues that if Jendrzejewski does not have primary coverage through PLIGA, then he is deemed to be the owner of a motor vehicle for which he failed to maintain *586 medical expense benefits coverage. Moreover, N.J.S.A. 39:6A-7 provides a specific exclusion from PIP benefits when a person was the owner or registrant of an automobile registered or principally garaged in this State that was being operated without PIP coverage.
This argument is flawed. Jendrzejewski was a named insured under the policy issued by Home State. The fact that Home State is insolvent and PIP benefits are no longer available under its policy, does not render Jendrzejewski uninsured and subject to the punitory exclusions of N.J.S.A. 39:6A-4.5a and -7. He has no control over the affairs of his insurance carrier. It is not his fault that Home State became insolvent. He complied with the requirements set by N.J.S.A. 39:6A-4.5a and -7 by obtaining a policy of insurance from an insurer which was then in good standing.
Moreover, PLIGA is "obligated to the extent of the covered claims against an insolvent insurer," N.J.S.A. 17:30A-8(a)(1), and shall "[b]e deemed the insurer to the extent of its obligation on the covered claims...." N.J.S.A. 17:30A-8(a)(2). It would be contrary to the language and objectives of the PLIGA Act to construe that its exhaustion provision, N.J.S.A. 17:30A-12b, operates to exclude a claimant from obtaining PIP benefits from an available secondary source.
Affirmed.
NOTES
[1] Judge Collester did not participate in oral argument. The parties have consented to his participation in the decision.